IN THE UNITED STATES COURT OF FEDERAL CLAIMS
_____

No. 15-99 T
(Senior Judge Eric G. Bruggink)

TODD MORRIS,

                              Plaintiff,

v.

THE UNITED STATES,

                              Defendant.
_____

ANSWER
_____

For its answer to the complaint, defendant respectfully denies each and every allegation contained therein that is not expressly admitted below. Defendant further:

1. Admits.

2. Admits that jurisdiction, to the extent it exists, is conferred by 28 U.S.C. § 1491.

3. States that the allegations contained in paragraph 3 constitute legal conclusions, to which no response is required.

4. Admits that the last four digits of plaintiff's social security number are 5727. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4.

5. Admits.

6. Admits that plaintiff was a Vice President of 13-D Fire Systems, Inc. during the tax periods at issue.

7. Admits.

8. Denies that plaintiff was not a responsible person; admits the remaining allegations contained in paragraph 8.

9. Admits.

10. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.

11. Admits the allegations contained in the first sentence of paragraph 11. Admits that plaintiff attached a copy of the Forms 843 to the complaint; denies that plaintiff is entitled to any recovery requested in the Forms 843.

12. Admits.

13. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14. Denies.

15. Defendant incorporates its responses to plaintiff's allegations set forth in paragraphs 1 through 14.

16. Admits that plaintiff seeks a refund and abatement of the amounts assessed against him but denies that plaintiff is entitled to the relief he seeks.

17. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17.

18. Admits that plaintiff was a Vice President of 13-D Fire Systems, Inc. during the tax periods at issue.

19. Denies.

20. Denies.

21. Denies.

22. Denies.

23. Denies.

24. Denies.

## Counterclaim

25. On March 5, 2012, plaintiff was assessed trust fund recovery penalties pursuant to Internal Revenue Code § 6672, in the amount of:

    a. $33,133.35 for tax period ending September 30, 2010;

    b. $30,697.79 for tax period ending December 31, 2010.

The assessed amounts correspond to a portion of unpaid employment tax obligations of 13-D Fire Systems, Inc. for taxable periods ending September 30, 2010 and December 31, 2010, respectively.

26. Plaintiff was required to collect, truthfully account for, and pay over the employment tax obligations referred to in paragraph referred to in paragraph 25, above, which were imposed by the Internal Revenue Code. Plaintiff willfully failed to collect such tax, or truthfully account for and pay over such tax, or willfully attempted to evade or defeat such tax or the payment thereof. Accordingly, plaintiff is liable for a penalty equal to the total amount of tax evaded, or not collected, or not accounted for and paid over. *See* 26 U.S.C. § 6672.

27. Plaintiff made payments that the IRS credited toward his § 6672 penalty assessment for the relevant taxable periods. Credit applied toward plaintiff's § 6672 assessment for tax period ending September 30, 2010 has fully satisfied that liability.

28. The United States is entitled to judgment against plaintiff in the amount $30,697.79 plus assessed interest, minus amounts paid by plaintiff and amounts credited by the IRS against

plaintiff's § 6672 assessment for the taxable period ending December 31, 2010, plus interest and costs allowed by law.

29. This counterclaim has been authorized by the Chief Counsel of the IRS, a delegate of the Secretary of Treasury, and is brought at the direction of the Chief of the Court of Federal Claims Section, Tax Division, Department of Justice, a delegate of the Attorney General of the United States, pursuant to 26 U.S.C. § 7401 and 28 U.S.C. § 1503.

30. The Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1503, 2508.

WHEREFORE, defendant prays that the complaint be dismissed with prejudice, with costs assessed against plaintiff, and that judgment in favor of defendant in the amount of the assessed § 6672 penalties and interest, less amounts plaintiff has paid and amounts the IRS has credited against the assessments, plus interest and costs allowed by law.

Respectfully submitted,

 s/Matthew D. Lucey
MATTHEW D. LUCEY
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C.  20044
(202) 353-0064
(202) 514-9440 (facsimile)
matthew.d.lucey@usdoj.gov

CAROLINE D. CIRAOLO
Acting Assistant Attorney General
DAVID I. PINCUS
Chief, Court of Federal Claims Section
G. ROBSON STEWART
Assistant Chief, Court of Federal Claims Section

June 2, 2015

 s/G. Robson Stewart
Of Counsel